UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN P. JONES,

Plaintiff,

v.

CARLOS ARCE, et al.,

Defendants.

Case No. 26-cv-02046-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 5, 9

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

United States District Court
Northern District of California

cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2.  Legal Claims

Plaintiff alleges that Defendants were deliberately indifferent to his serious mental health needs, and that he was the victim of a physical and sexual assault.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A mentally ill prisoner may establish unconstitutional treatment by prison officials through showing that officials have been deliberately indifferent to his serious medical needs. *See Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546; *see, e.g.*, *Conn v. City of Reno*, 591 F.3d 1081, 1094–95 (9th Cir. 2010) (a heightened suicide risk or an attempted suicide is a serious medical need; reversing grant of summary judgment where plaintiffs presented sufficient evidence for a jury to find that the decedent's pre-suicidal actions objectively evidenced a serious medical need), *reinstated as modified by* 658 F.3d 897 (9th Cir. 2011).

The objective component of an Eighth Amendment excessive force claim does not have a "categorical standard," but rather is "contextual and responsive to contemporary standards of decency." *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A prisoner "must objectively show that he was deprived of something sufficiently serious . . . but what constitutes a sufficiently serious deprivation may evolve as the basic mores of society change." *Id.* at 1141 (internal quotations and citations omitted). The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 6–7.

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). In evaluating a prisoner's claim of sexual harassment or abuse, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* (citing *Hudson*, 503 U.S. at 8.).

Plaintiff states that he was transferred to Salinas Valley State Prison and reported to custody staff that he was in fear of his life and feeling suicidal and homicidal. He began to cut his wrists, but an unidentified mental health doctor continued to clear Plaintiff to go back to the yard. Custody staff refused to place him in restrictive housing for his safety. On a different day, Defendant Omlansky removed Plaintiff from his cell, choked him for no reason, and hit him in the torso striking his penis. Omlansky pressed his body against Plaintiff while choking him and pushed against him with his penis and grinded against him. A different unidentified correctional officer later told Plaintiff to drop his complaint against Omlansky and she would place him in restrictive housing for his safety, but if he kept saying he was suicidal and did not drop the complaint, she would not report his safety concerns.

Liberally construed, Plaintiff states a claim against Omlansky for the physical and sexual assault. The remaining claims are dismissed with leave to amend. With respect to the failure to properly treat Plaintiff's mental health needs, he must identify the doctor or other medical staff and describe their actions. With respect to the claim of retaliation, Plaintiff must identify the

3

United States District Court
Northern District of California

correctional officer involved. Finally, Plaintiff names the warden of the prison as a Defendant due to his supervisory position. The warden is not liable in his role as a supervisor, unless he was specifically involved in these incidents. Plaintiff also seeks for several disciplinary findings to be reversed, and good time credits restored, though he provides no specific information. To the extent he seeks reversal of a disciplinary finding that resulted in the loss of good time credits, he must file a habeas petition.

Plaintiff shall file an amended complaint to address all these issues, or he may remove all claims and Defendants except Omlansky, and the case will only continue against him.

Plaintiff also requested the appointment of counsel. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that his incarceration will hinder his ability to litigate the case, that he is visually impaired, and that he has limited knowledge of the law. These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this action does not present complex legal issues, and thus far Plaintiff has ably litigated this case with well-crafted motions and a complaint, despite issues with his vision. It is too early in this litigation for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

**CONCLUSION**

1.      The motions to appoint counsel (dkts. 5, 9) are **DENIED** without prejudice.

2.      The complaint is **DISMISSED** with leave to amend in accordance with the

standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

3.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 28, 2026

ROBERT M. ILLMAN
United States Magistrate Judge